1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

8  VIRGIL L. BROWN,

9      Plaintiff,

10      v.                                    CIV-S-01-610 DFL PAN

11                                            MEMORANDUM OF OPINION
                                                   AND ORDER
12  CITY OF SACRAMENTO, ART
    VENEGAS, HARRISON SUGAWARA,
13  LAURA ABE, D. ROSEN, MICHAEL
    GALIPEAU, et al.,
14
15      Defendants.

16

17      Defendant Harrison Sugawara ("Sugawara") renews his motion

18  for qualified immunity.  For the reasons stated below, the court

19  DENIES Sugawara's motion.

20                                 I.

21      On October, 29, 2003, the court denied Sugawara's motion for

22  summary judgment.  (10/29/2003 Order at 4-5.)  The court found

23  that a factual dispute precluded finding that Sugawara was

24  entitled to qualified immunity because "Sugawara assert[ed] that

25  . . . he was trapped in the car door and Brown was using his car

26  as a deadly weapon against him," and "Brown denie[d] these

1

assertions and claim[ed] that Sugawara shot him for no reason."

(Id. at 5.)  The court noted that "if, as Brown asserts, Sugawara

shot him as he drove away, with no indication that Brown was an

immediate danger to Sugawara or others, it should have been clear

to Sugawara that shooting Brown would violate his constitutional

rights."  (Id.)  Therefore, the court allowed the case to proceed

on Brown's "assertion that the officers shot him 'for no reason'

and that he 'did not drive his car toward or into said

Defendants.'" (Id.)

On November 8, 2005, the court allowed Sugawara to renew his

motion for summary judgment based on Brosseau v. Haugen, 543 U.S.

194 (2004)."  (11/8/2005 Order.)  On January 24, 2006, the court

requested supplemental briefing on what material facts remained

in dispute.  (1/24/2006 Order.)

II.

Sugawara renews his motion for summary judgment arguing that

he is entitled to qualified immunity based on two recent

decisions: (1) Brosseau v. Haugen, 543 U.S. 194, 125 S.Ct. 596

(2004); and (2) Blanford v. Sacramento County, 406 F.3d 1110 (9th

Cir. 2005).  (Mot. at 3-8.)   "A moving party may renew a motion

for summary judgment notwithstanding denial of an earlier motion

by showing a different set of facts or some other reason

justifying renewal of the motion."  Carnegie Mellon Univ. v.

Hoffman La Roche Inc., 148 F.Supp.2d 1004, 1010 (N.D. Cal. 2001).

In Brosseau, the Court found that a police officer, Rochelle

Brosseau, was entitled to qualified immunity for shooting Kenneth

2

1  Haugen in the back as Haugen attempted to flee in his vehicle.

2  543 U.S. at 597.  Sugawara argues that the facts in <u>Brosseau</u> are

3  similar to his situation.  (Mot. at 5.)  He claims that Brown,

4  like Haugen, was armed with a deadly weapon, a car, when he

5  failed to respond to a police officer.  (<u>Id.</u>)  In addition,

6  Sugawara asserts that he knew that the other officers were in the

7  path of Brown's vehicle.  (<u>Id.</u>)  Therefore, Sugawara concludes

8  that he is entitled to qualified immunity because he acted to

9  protect his fellow officers.  (<u>Id.</u>)

10     In <u>Blanford</u>, the Ninth Circuit upheld the district court's

11  grant of qualified immunity to police officers who shot Blanford

12  after he refused to drop his weapon.  406 F.3d at 1113-1115.  The

13  court found that the officers' had probable cause to believe that

14  Blanford posed a threat because he "was armed, refused to give up

15  his weapon, was not surrounded, and was trying to get inside a

16  private residence . . . ."  <u>Id.</u> at 1117-18.

17     Sugawara argues that his situation was similar to the

18  officers in <u>Blanford</u>.  (Mot. at 6.)  Like those officers,

19  Sugawara claims that he realized that Brown would not obey his

20  command to stop the car.  (<u>Id.</u> at 7.)  In addition, Sugawara

21  asserts that Brown posed an actual risk to the other individuals

22  located at the scene.  (<u>Id.</u>)

23     In support of his argument, Sugawara includes three

24  additional pieces of evidence: (1) Abe's statement that she saw

25  Sugawara caught in the driver's side door of Brown's vehicle and

26  she thought that Brown was going to kill Sugawara (Abe Decl. ¶

3

5); (2) Abe's statement that Brown drove towards her and the other officers (Id. ¶ 6); and (3) Sugawara's claim that he was concerned about the other officers in the area and the danger Brown would pose to the public if he fled the scene (Sugawara Decl. ¶ 13).

Brown responds by introducing testimony by Sugawara from Brown's preliminary hearing in Sacramento County Superior Court on May 19, 1999.  At that hearing, Sugawara testified that at the time of the "actual shooting," he did not see the other police officers in front of Brown's vehicle.  (Ex. A to Def.'s Supp. Brief at 14.)  This appears to contradict Sugawara's statement in his declaration "that there were other officers in the vicinity of the sidewalk on the west side of the street who were in danger if Brown continued speeding forward without turning."  (Sugawara Decl. ¶ 13.)  It might also conflict with Abe's statement that Brown drove towards her and the other officers.  (Abe Decl. ¶ 6.) Although the timing of the events described by Sugawara at the hearing is unclear, his statements raise a dispute of material fact as to whether Brown drove towards Abe and the other officers and whether Sugawara was in position to see the other officers.

In addition, Sugawara testified that at the time he fired the first shot at Brown, he "had already let go because I think what I did was, I let go with my left hand to get - - grab my right hand to shoot, and at that point I was - - I was away from the car."  (Ex. A to Def.'s Supp. Brief at 21-22.)  This contradicts Sugwara's declaration and testimony from earlier in

4

1  the deposition that he separated himself from Brown's vehicle

2  after firing the first shot.  (Sugawara Decl. ¶¶ 11-12, 14; Ex. A

3  to Def.'s Supp. Brief at 13-14.)  It also contradicts Abe's

4  statement that Sugwara fired the first shot while still clinging

5  to Brown's car door.  (Supp. Abe Decl. ¶ 22.)  Sugwara's

6  testimony also raises a dispute of material fact as to whether he

7  was caught in door of Brown's vehicle when he fired the first

8  shot.  See Lee v. Gregory, 363 F.3d 931, 936 (9th Cir. 2004)

9  (holding that the district court did not err in finding that the

10  disputed facts, viewed in the light most favorable to the

11  plaintiff, created a triable issue of fact).  Therefore, the

12  court DENIES Sugawara's renewed motion for summary judgment.

III.

14  For the reasons stated above, the court DENIES Sugawara's

15  renewed motion for summary judgment.

16  IT IS SO ORDERED.

17  Dated: 6/29/2006

_____

DAVID F. LEVI
United States District Judge