IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL L. BROWN, | No. 2:01-CV-00610 JAM EFB |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| v. | |
| CITY OF SACRAMENTO, ART VENEGAS, HARRISON SUGAWARA, LAURA ABE, D. ROSEN, MICHAEL GALIPEAU, et al., | |
| Defendants. / | |

I. INTRODUCTION

Plaintiff Virgil L. Brown ("Brown") brought this action against the City of Sacramento, Art Venegas, Harrison Sugawara, Laura Abe, D. Rosen, Michael Galipeau, et al. (collectively, "Defendants"). The Court previously dismissed or granted summary judgment for each of the defendants except for Harrison Sugawara ("Sugawara").Docket at 39, 62. Sugawara now moves for dismissal for failure to prosecute under Federal Rule of Civil

Procedure 41(b).  Brown opposes the motion.  For the reasons stated below, the Court DENIES the motion[1].

## II. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On January 4, 1998, several police officers, including Sugawara, responded to a dispatch call indicating that there were three men in the vicinity of 3920 38th Street, one of whom was armed.  Def. Mot. to Dismiss at 2.  Sugawara alleges that when the officers arrived on the scene, one of the suspects immediately fled.  Id.  Another suspect, Brown, entered a BMW and began to reverse the car.  Id.  Sugawara alleges that he opened the driver's side door and called on Brown to stop.  Id.  Instead, Brown reversed the car, hitting Sugawara with the open car door and pinning him between the door and the body of the car.  Id.  Sugawara further alleges that, ignoring repeated calls to stop, Brown accelerated forward.  Id.  In fear for his safety, Sugawara shot Brown once.  Id.

After pleading *nolo contendere* to a charge of resisting an executive officer, Brown filed a complaint *in propria persona* against Defendants on March 23, 2001 alleging violations of his constitutional rights under 42 U.S.C. § 1983, assault and battery, and false imprisonment, claiming that he had not drove his car at Sugawara and that he had been shot without

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

justification.  Docket at 1.  On December 20, 2001, Magistrate Judge Nowinski ordered Plaintiff to show cause for failing to submit a joint status report.  On December 28, 2001, George Kezios was added as Brown's attorney of record and submitted a response.  Docket at 19, 20.

On August 26, 2002, the case was delayed when defendant D. Rosen filed notice of bankruptcy.  Docket at 33.  On January 30, 2003, defendant D. Rosen was dismissed from the action.  Docket at 39.  On February 28, 2003, the remaining defendants filed a motion for summary judgment.  Docket at 41.  On October 29, 2003, the Court granted summary judgment with respect to the remaining defendants except for Sugawara.  Docket at 62.  On March 24, 2005, the Court issued a Scheduling Order setting trial for November 28, 2005.  Docket at 68.

On August 24, 2005, Brown substituted in Reed McLurkin as his attorney of record.  Docket at 71.  Although a joint pretrial statement was due on October 7, 2005, receiving no response from Plaintiff's counsel, Sugawara filed an independent pretrial statement.  Def. Mot. to Dismiss at 3; Docket at 72.  The Court then issued an order to show cause why the case should not be dismissed for failure to prosecute.  Docket at 73.  Plaintiff's counsel responded by indicating that he was awaiting admission to the Eastern District of California, that he was a busy solo practioner, and needed time to get up to speed on the

case.  Docket at 75.  On November 8, 2005, the Court permitted Sugawara to file a renewed qualified immunity motion based on the Supreme Court's decision in Brosseau v. Haugen, 543 U.S. 194 (2004).  On June 29, 2006, the Court denied Sugawara's Renewed Motion for Summary Judgment.  Docket at 95.

On October 31, 2007, trial was set for May 5, 2008.  Docket at 101.  On March 25, 2008, during a pretrial conference, the trial was rescheduled for August 4, 2008.  Docket at 108.  Also during this conference, Judge Beistline informed Plaintiff's counsel that he could not call witnesses other than his client due to his failure to provide any input for the Pretrial Conference Statement.  Def. Mot. to Dismiss at 4; Pl. Opp'n to Def. Mot. To Dismiss at 3.  Subsequently, on April 29, 2008, Sugawara filed a Motion to Dismiss for Failure to Prosecute.  Docket at 109.

### III. OPINION

Rule 41(b) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a claim for failure to prosecute. "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  Because dismissal is such a severe remedy, the Ninth Circuit requires a District Court to consider five factors before its imposition:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

Id. As discussed below, although this case, as Sugawara notes, may be stale, it will not be thrown out.

The Court must first consider the public's interest in the expeditious resolution of litigation and the Court's interest in managing its docket.  The events of this case occurred over ten years ago.  The case itself has been pending in this Court for over seven years.  However, this case is currently set for trial on August 4, 2008.  There is no indication that there will be any further delays or that Plaintiff does not intend to proceed with trial.  Pl. Opp'n to Def. Mot. to Dismiss at 2.  Sugawara cites Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447(9th Cir. 1994) for the proposition that a party's failure to take action in four years constituted an unreasonable delay.  However, in Moneymaker, the court noted that plaintiff had produced no evidence that the litigation would be resolved in the near future.  Id. at 1452. Because trial in this matter is imminent, it may be resolved expeditiously and will clear the docket for other matters.

Furthermore, the Ninth Circuit has previously made allowances in circumstances where cases have been reassigned.

See, e.g., Hunter v. Digital Equip. Corp., 136 Fed. Appx. 28, 29 (9th Cir. 2005) (Death of judge and subsequent reassignment mitigated plaintiff's delay in a motion to dismiss under Rule 41(b)).  Because this case has been reassigned multiple times, some allowance may be made for delay.

The third factor the Court must consider is the risk of prejudice to the Defendant.  The events in dispute occurred over ten years ago.  Recollections of the events in question may have faded.  However, as the Ninth Circuit has noted that the mere pendency of a case, although prejudicial, is not sufficiently prejudicial to warrant dismissal unless compounded by unreasonable delays.  Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999); see also Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1280 (9th Cir. 1981) ("unreasonableness is not inherent in every lapse of time"); Columbia Falls Aluminum Co. v. Wausau Underwriters Ins. Co., 36 Fed. Appx. 284, 286 (9th Cir. 2002) (denying motion to dismiss for failure to prosecute although underlying events had occurred 6 to 13 years previously because delay not caused by Plaintiff's actions).  Thus, it is important for this Court to determine which delays were attributable to Plaintiff's failure to prosecute.

Assuming all of his allegations are true, Defendant Sugawara has not demonstrated that it was Plaintiff's failure to

prosecute that caused the significant delays in this case. Sugawara alleges that Plaintiff was late in issuing a joint status report in 2001, did not respond to phone calls during the period of August 23, 2005 to October 7, 2005, filed an opposition to a motion to dismiss on December 2005 that was several days late, made only minor revisions to a joint status report in 2006, and did not contribute to the Joint Pretrial Conference Statement in 2008.  Def. Mot. to Dismiss 3-4. Although each of these incidents demonstrates Plaintiff's failure to comply with rules, none of them explain the ten years that have elapsed since the events in question occurred.  In fact, Sugawara concedes that "Plaintiff has done nothing to actively delay this case."  Rep. to Pl. Opp. to Mot. to Dismiss at 3.  Sugawara has not shown that the delay and resulting prejudice were predominantly caused by Plaintiff's failure to prosecute.

   The fourth prong of the test, the public policy favoring disposition of cases on their merits, weighs in Plaintiff's favor.  Courts have noted that deciding cases on the merits is particularly important in civil rights cases.   See, e.g., Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). In fact, the Ninth Circuit has specifically found that in the context of police brutality claims, the public has an interest to have the case decided on the merits.  Dahl v. City

7

of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996) (denying motion to dismiss for failure to prosecute).  Due to the nature of the underlying claim, there is a public interest in resolving the issues on the merits.

The fifth factor the Court must consider is the availability of less drastic sanctions.  Rule 16(f) of the Federal Rules of Civil Procedure allows for sanctions if opposing counsel:

> (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate-or does not participate in good faith-in the conference; or (C) fails to obey a scheduling or other pretrial order.

Sugawara does not indicate that he ever sought sanctions under Rule 16(f) for Plaintiff's repeated failures to participate in pretrial and status conferences.  Furthermore, both parties acknowledge that the Plaintiff has already been sanctioned for failing to contribute to the Pretrial Conference Statement.  Plaintiff's counsel will not be allowed to call witnesses other than his client during trial.  Def. Mot. to Dismiss at 4; Pl. Opp'n to Def. Mot. to Dismiss at 3.  Because there are other sanctions available and because Plaintiff has already been sanctioned for his conduct, the Court finds that the drastic sanction of dismissal is not warranted in this case at this time.

## IV. ORDER

For the reasons stated above, the Court DENIES Sugawara's motion to dismiss.

IT IS SO ORDERED.

Dated:   June 10, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE